# Marcy's Estate.

Where a legacy is charged upon real estate, whether it be a specific sum or such sum as shall be necessary for the support of the legatee, the Orphans' Court has jurisdiction and may decree a sale of the estate under the 59th section of the Act of 24th February, 1834, relating to executors and administrators.

APPEAL from the decree of the Orphans' Court of *Crawford county*.

The material question involved in this appeal, was the validity of the sale of the real estate of Bradford Marcy, deceased.

The Rev. Bradford Marcy, being possessed of certain personal estate and being the owner of 144 acres of land in Crawford county, by his last will and testament directed that all his debts and funeral expenses should be paid, as soon after his decease as possible, out of the first money that should come into his executor's hands from his *personal estate*, and then devised as follows: "I give, devise, and bequeath unto my beloved wife, Catharine Marcy, the sole and separate use of all the residue and remainder of my property, real, personal, and mixed, to have and to hold the same for the purpose of her support in a comfortable manner during the time of her natural life; and after her decease, I do hereby devise and bequeath whatever may remain of my estate unto the American Sabbath School Union, the American Bible Society, the American Education Society, the American Tract Society, the American Board of Comm. of Foreign Missions, and the American

[Marcy's Estate.]

Home Missionary Society, to have and to hold the same to each of said societies in equal proportions as tenants in common in fee simple, to be by them jointly or severally disposed of as they may respectively think proper. Provided, however, that the same estate or the proceeds thereof when sold, shall be immediately or as soon as can be advisedly applied only to such charitable purposes and uses, as for which the said several societies were and have been ostensibly established."

The executors (the widow being one of them), on the 9th February, 1852, presented their petition to the Orphans' Court setting forth the character of the devises in the will, which they made a part of their petition; and then stated that after paying the debts and funeral expenses out of the personal assets, and appropriating the remainder to the support of the widow, there remains nothing but the rents of the realty for her future support, and which are insufficient for that purpose; that over 100 acres were under improvement with a large frame house, barn, and other buildings, and a large orchard of grafted fruit thereon, yet the whole was dilapidated and so unproductive as to be entirely insufficient for the purpose intended by the testator; that the rent thereof after making repairs and paying taxes, was but little over half what it is believed would be the interest of the money for which it would sell; and believing that it would be greatly to the interest of all concerned, that the land should be sold, they asked for an order to sell the same, it being all that the testator died seised of, for the purposes named, to pay liabilities, for future maintenance of the widow, and to prevent dilapidations and loss to the estate.

Annexed to the petition was a statement of account of the assets and disposition of them, including the amount paid for debts and for the support and maintenance of the widow of the diseased, and stating a deficiency of $96.19½.

The Court ordered a sale, and the executors afterwards reported that they had sold the land on the 15th May, to Wm. Sitler for $2500, and asked for the confirmation of the sale. On the 19th of November Sitler presented his petition to the Orphans' Court, setting forth the material facts before mentioned, and alleging his readiness to comply with his purchase, provided the order and decree of sale were legal; but fearing from the advice of counsel obtained after the sale, that they were not legal, he asked the Court not to confirm but to set aside and vacate the decree, sale, &c. The Court held the matter under advisement till the 13th August, 1853, when they decreed the confirmation of the sale; and the purchaser appealed.

It was assigned for error: That the Court had no jurisdiction in the premises to order and decree a sale.

[Marcy's Estate.]

*C. Derickson*, for the appellant.—It was said that the case did not come within the provisions of the 21st section of the Act of 29th November, 1832; and that there being no authority given *by the will* to make sale of the land in any contingency, except by the societies, the case does not fall within the 12th section of the Act of February 24, 1834, which provides that "powers, &c., relating to real estate, contained in any last will and not given to any person by name, &c., shall be deemed to have been given to the executors, but under the control of the Orphans' Court." Cited 8 *Watts* 253, Pry's Appeal.

*Church*, contrà.—The provision for the support of his widow in a comfortable manner was a charge upon the land, and, it was said, indicated an expectation on the part of the testator that it might be necessary to dispose of part of it for her support. From the expression of *whatever may remain* in the devise over, appeared an intent to give her more than the rents and profits, if requisite, for her comfortable support. It was said that the widow was one of the executors and united in the application for the order of sale, and it was contended that the case came within the provision in the second division of the Act of 29th March, 1832.

The general principle is, that where there are no other means of satisfying the claim of the legatee, it will be deemed *a charge upon the realty*, unless the intention of the testator was clearly otherwise: *Hood on Executors*, 254. It was said that the provisions of the 59th section of the Act of 24th February, 1834, relative to executors and administrators, were also sufficient to sustain the jurisdiction. The informality or irregularity of the proceedings cannot be taken advantage of in this appeal, not having been made in the Court below. The only question is one of jurisdiction.

It was also observed that the land was to some extent held in trust for the corporations mentioned in the will, and that the jurisdiction might be sustained under the 3d section of the Act of 3d April, 1851, which provides, where land and tenements are held *in trust*, under the provisions of any last will, for any corporation or person, if it appear to the Orphans' Court that it would be to the interest of the *cestui que trusts* that the same should be sold, the Orphans' Court may authorize the trustee or trustees to make sale of the land: *Acts of* 1851, p. 306.

The 59th section of the Act of 24th February, 1834, relating to executors and administrators, provides: " When a legacy is or shall be hereafter charged upon or payable out of real estate, it shall be lawful for the legatee to apply, by bill or petition, to the Orphans' Court having jurisdiction of the accounts of the executor of the will, by which such legacy was bequeathed; whereupon such

[Marcy's Estate.]

Court, having caused due notice to be given to such executor, and to the devisee or heir, as the case may be, of the real estate charged with such legacy, and to such other person interested in the estate as justice may require, may proceed according to equity to make such decree or order, touching the payment of the legacy out of such real estate, as may be requisite and just."

The opinion of the Court was delivered by

LEWIS, J.——It is clear that the "support" of his widow "in a comfortable manner during her natural life" was the object nearest the testator's heart. The estate is devised to her for that purpose. " *Whatever may remain*" after making the provision for her, is all that is given for the charitable uses named in the will. It has long been a settled rule in the construction of wills, that where legacies are given in the first place, a devise of the "rest and residue" of real and personal estate creates a charge upon the real estate in favor of the legatees: Nichols *v.* Posthlewait, 2 *Dall.* 131. Where a legacy is charged upon real estate, whether it be a specific sum or such sum as shall be necessary for the support of the legatee, the Orphans' Court has jurisdiction, and may decree a sale under the 59th section of the Act of 24th February, 1834. In this case, the widow had both a life estate and a charge upon the fee for her support. If the first was not sufficient for the purpose, a resort to the latter was proper and necessary. The jurisdiction of the Orphans' Court is not unusual in such cases, and is a wise provision by the legislature to afford an ample remedy on the one side and to guard against abuse on the other. If any question should be raised in regard to the sum required for the comfortable support of the widow or legatee, it may be referred to auditors, who, on hearing the parties interested, will report such sum, payable periodically, as will be sufficient to provide for the legatee in the manner contemplated by the will. This may, in most cases, be regulated by the circumstances of the testator and the condition in life of the legatee. If those in remainder desire to prevent a sale, they have the right to do so by making the payments required.

The proceedings in the case before us may not have been in exact conformity to the Act. It is possible also that the interests of the residuary legatees have not been carefully protected. But this was matter for their consideration. Neither errors nor irregularities can affect the title of the purchaser. It is sufficient for his protection that the Orphans' Court had jurisdiction, and that the parties interested had notice. No question is raised in regard to notice; and we are of opinion that the Orphans' Court has jurisdiction, and that the purchaser may take a valid title under its de-

cree. His appeal is therefore unsustained, and the decree of the Court below is affirmed.

Decree affirmed.