## Baylor's Estate.

*Wills—Provision for widow's maintenance—Charge upon real estate—Death of widow—Survivorship of claim.*

1. Where a testator provides by his will for the comfortable maintenance of his widow, the Orphans' Court has jurisdiction to fix the amount and enforce payment of the sum required for that

purpose; and such maintenance constitutes a charge on the land devised.

2. Where a will contains a provision for the support of testator's widow, such provision is not to be regarded merely as a supplement to the widow's industry, or to the charity of others, but she is entitled to an amount to be measured by the reasonable cost of her living, irrespective of what she may receive from other sources.

3. Where in such case the trustees under the will were given power to sell real estate if necessary to raise funds for the support of the widow, but failed to exercise the power or to provide support for the widow, and upon proceedings instituted in the Orphans' Court they were ordered to pay over a certain sum to the widow for arrearages and a certain sum for the future, which they likewise failed to do, the personal representatives of the widow may enforce the order of the Orphans' Court after her death, there being no evidence that she had abandoned her claim.

Argued Feb. 22, 1915. Appeal, No. 205, Jan. T., 1914, by John W. Baylor, from decree of O. C. Lackawanna Co., Series C., 1901, No. 652, in Estate of William Baylor, Deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition of executor for citation to show cause why lands described in last will and testament of William Baylor and held in trust by John W. Baylor and W. W. Baylor should not be sold at public sale and that proceeds thereof be paid to the petitioner, who was executor of the last will and testament of Margaret C. Baylor, deceased. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

The court ordered that a writ of execution in the nature of a fieri facias be issued in favor of the petitioner against respondents for the sum of $5,501.99. John W. Baylor appealed.

*Error assigned* was the decree of the court.

*C. H. Soper,* for appellant.

*John P. Kelly,* with him *W. J. Fitzgerald* and *Joseph O'Brien,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 29, 1915:

John I. Weller, executor of Margaret C. Baylor, deceased, filed a petition in the court below in which he averred that his decedent died, testate, January 18, 1912; that she was the widow of William Baylor, who died, testate, September 1, 1901; that William W. Baylor and John W. Baylor are the executors and trustees named in the will of William Baylor, deceased, wherein it was provided that they should pay to his widow, from time to time, during her life, so much of the net annual income of certain land therein described as should be necessary for her comfortable support; and it was further provided that, whenever the net annual income should prove insufficient for this purpose, the trustees were to sell any part or all of the land, or the timber thereon, in order to provide such support; that, on November 10, 1908, Margaret C. Baylor presented a petition to the court below averring, inter alia, the trustees under her husband's will had utterly failed to furnish her with any support, and she prayed that a citation might issue to all parties interested in William Baylor's estate, commanding them to appear and show cause why the lands named in his will, or some of them, or the timber thereon, should not be sold to repay her certain sums mentioned in the petition, "which she had been compelled to spend out of her own moneys in order to support herself in default of receiving support from the said trustees as she was entitled to under the terms of the said will," and to show cause why "the said trustees should not provide her with comfortable maintenance during the remainder of her life out of the proceeds of the sale of said lands, or the timber thereon"; that the citation was awarded as prayed for and a hearing held, "at which all the parties in interest were present either

in person or were represented by counsel"; that on December 3, 1909, it was decreed—"John W. Baylor and W. W. Baylor, trustees, pay to Margaret C. Baylor, the petitioner, the sum of nineteen hundred twenty-eight and 24-100 ($1,928.24) dollars, with interest from November 10, 1908, forthwith, and the sum of seventy-five ($75.00) dollars per month, every month, beginning November 10, 1908, until otherwise ordered by this court, the payments already accrued to be paid forthwith, during the natural life of the said Margaret C. Baylor; and in default of such payments that the lands and timber thereon devised to John W. Baylor and W. W. Baylor in trust, be sold at public sale at such times and places and upon such terms as this court shall hereafter on application specifically decree, for the payment of the said sum of nineteen hundred twenty-eight and 24-100 ($1,928.24) dollars with interest as aforesaid, and the monthly payments of seventy-five ($75.00) dollars each, beginning on November 10, 1908, as above mentioned"; that, notwithstanding this adjudication and decree, the petitioner's decedent had never received the payments thereby ordered, or any part thereof; that, "up to the time of her death she was compelled to support herself as best she could without obtaining the support and maintenance provided for her in the will of her deceased husband, and neither she in her life time nor her executors since her death have ever received any of the payments thus ordered and decreed to be made to her as above set forth." The petition ends with a prayer for a citation to the various parties in interest to show cause "why the lands described in the said will, devised to John W. Baylor and W. W. Baylor, in trust as above set forth, should not be sold at public sale at such time and place and upon such terms as your honorable court shall direct, and that from the proceeds thereof there shall be paid to your petitioner the amount due under the terms of the decree of your honorable court, hereinbefore set forth, $1,928.24, with interest from November 10, 1908;

and the sum of the $75.00 payments to be made each and
every month from November 10, 1908, with interest
thereon up to the time of payment."

The citation went out, and, after hearing, the court be-
low entered the decree now appealed from, as follows:
"Now, July 1st, 1914, it is ordered, adjudged and de-
creed that a writ of execution in the nature of a fieri
facias be issued in favor of the petitioner and against
the respondents......, for the sum of $5,501.99 with in-
terest from January 18th, 1912, with costs. The said
writ shall be returnable on the 10th day of August, 1914,
all proceedings thereon shall be the same as writs of
fieri facias issued by the Court of Common Pleas of
Lackawanna County......" One of the executors of
William Baylor, deceased, has appealed.

The appellant states in his paper book: "In order to
obtain a decision by this (the Supreme) court, counsel
for the appellant squarely admits all the material facts
alleged in the petition of John I. Weller, appellee (the
facts being as already recited in this opinion); further,
that the court below had jurisdiction over all the parties
in interest and that they were legally present during all
the proceedings up to the time of the filing of the pe-
tition of John I. Weller, the appellee." In addition to
the facts averred in the petition, it appears that the de-
cree of December 3, 1909, was appealed from in May,
1910, and that, on February 20, 1911, the Supreme Court
entered a judgment of non pros.

In an opinion supporting the decree appealed from,
the Orphans' Court states the appellant's position in
this case, saying, he denied "the jurisdiction of the court
to make the order," and contended "that at no time after
the order was made did Margaret C. Baylor ever under-
take to enforce it by any proceedings in.........court,
and that, neglecting and refusing to take advantage of
the decree......during her lifetime......, Margaret C.
Baylor abandoned her claim against the estate of the
decedent." The court below then disposes of these con-

tentions thus: "The testator did not lodge in the trustees the discretionary power to sell lands whenever in their judgment it might be necessary to do so in order to furnish his widow with support; he directed that there should be paid to her from time to time, during her natural life, so much of the net annual income as should be necessary for her maintenance, and realizing that there might be no net annual income, or that it might not be sufficient to provide for her, he empowered the trustees to sell any part of the land or the timber thereon, in order to provide for her, whenever the income from the land should be insufficient........, and to appropriate out of the proceeds so much as should be necessary......He provided further: 'In conferring on the said trustee.......the power to sell......, I order and direct that such power shall only be exercised when necessary for my wife's support, as aforesaid, on the failure of sufficient net income for that purpose, and whenever such necessity shall arise, I not only empower but order and direct said trustees or trustee to provide sufficient means for her support by such sale or sales.' The testator provided that his wife should be comfortably supported out of his property; he did not provide that she was only to be maintained out of his property if she was not able to obtain her support in any other way. In the provision for his widow he did not specify any amount to be appropriated for her support; realizing that the amount might depend upon many circumstances, his provision was general—for comfortable maintenance and support. This (Orphans') court in the proceedings instituted by Margaret C. Baylor in her lifetime has adjudicated the amount, and never having been reversed or set aside, the decree, upon the merits, concludes the parties to the litigation and constitutes a bar to a new action or suit involving the same cause of action. Where a testator provides by his will for the comfortable maintenance of his widow, the Orphans' Court has jurisdiction to fix the amount and enforce pay-

ment of the sum required for that purpose; and such maintenance constitutes a charge on the land devised: Gibson's App., 25 Pa. 191......The evidence in this case will not support the conclusion that Mrs. Baylor ever abandoned her claim against the estate of the decedent. As long as the relation of trustee and cestui que trust is acknowledged to exist between the parties, and the trust is continued, lapse of time can substitute no bar to the claim of the widow. It does not appear that the trust relation between Mrs. Baylor and the trustees, up to the time of her death, had ever been denied by the trustees......In Mount's App., 107 Pa. 402, Mr. Justice GORDON used the following language, which may be quoted here: 'When John Patterson, by his will, directed that after his death his farm should be rented and the proceeds, or so much thereof as might be necessary for that purpose, should be appropriated to the maintenance of his widow during her life, he did not intend that this appropriation should be used merely as a supplement to her own industry, or to the charity of her child or chidren. The bequest was to be measured by the reasonable cost of her living, and it can matter nothing to the estate how she obtained that living; had the farm been rented, as was intended by the testator, she could have drawn upon the product to the amount of the bequest, and this whether she supported herself or employed some other person so to do......But if Mrs. Patterson had the right to this fund in the hands of the executor immediately before her death, how comes it to pass that she could not dispose of it by her will? Had she then received it and put it in the bank, I suppose no one would have been found to say that she could not so have disposed of it, or that a contract between her and her daughter was at all necessary to enable her so to do. But what material difference does it make that the executor, instead of a bank was her depositee?" In this case, what possible difference can it make whether Margaret C. Baylor in her lifetime had obtained execution upon her

judgment against the estate, collected the money and deposited it in a bank and disposed of it by will, or whether she allowed it to remain unpaid as a charge against the real estate, and collection be enforced by her executor after her death? As was stated in the opinion from which we have just quoted, no one would question Mrs. Baylor's right to dispose of the money by will if she had procured an execution and collected it during her lifetime. An examination of the cases cited by the learned counsel for the respondent (appellant here) discloses that they all have reference to cases where the trustees are vested with a discretionary power to sell for the purpose of furnishing support and maintenance to a widow, or other cestui que trust; the cases are to the effect that, where the discretion is lodged in trustees, to be exercised or not according to their judgment, and they do not exercise their right and power to sell during the lifetime of the beneficiary, they have no authority to sell afterwards."

The foregoing excerpt from the opinion of the court below so fully and correctly covers the case before us, that it is unnecessary to do more than add that we have examined the authorities cited by counsel on each side, and agree that those relied upon by the appellant are properly distinguished; they have no application to the facts at bar. In addition to the cases cited by the learned court below, Shollenberger's App., 21 Pa. 337, 341, and Weyland's App., 62 Pa. 198, may be mentioned in support of the relief afforded. The decree of December, 1909, is conclusive—the same as any other judgment of a court of competent jurisdiction, and all that was sought in the proceedings now under review was execution thereon; the appellee has the right to this relief on behalf of his decedent's estate to the like extent and manner that Mrs. Baylor would have, if alive.

The assignments of error are overruled and the decree is affirmed.