# Hunsicker's Estate.

*Will—Charge on land—Funeral expenses and nursing—Testa-*
*tor's widow—Sale of land—Jurisdiction of Orphans' Court—Act*
*of Feb. 24, 1834, P. L. 70.*

Where a testator by his will gives a small piece of land to his
wife for life and directs that the funeral expenses and two tomb-
stones for himself and his wife shall "be paid from the whole
estate," and that nursing and care if required for himself and his
wife should also be paid, a son of the testator who, in the absence
of personal property, has paid for the funeral expenses and the
tombstone of the widow, and wife of the son who nursed the wid-
ow, may after the death of the widow petition the Orphans' Court
under the Act of February 24, 1834, Section 59, P. L. 70, to sell
the land, and the Orphans' Court has jurisdiction to decree such
sale upon the ground that the expenses in question were charged
upon the land by the testator's will, and should be paid out of the
proceeds of the sale.

Argued Dec. 9, 1914. Appeal, No. 209, Oct. T., 1914,
by John Hunsicker, from decree of O. C. Schuylkill Co.,
Sept. T., 1913, No. 10, distributing proceeds of sale of
real estate in Estate of Jacob Hunsicker, deceased. Be-
fore RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER,
JJ. Affirmed.

Petition for the sale of real estate to pay legacies
charged on land.

From the record it appeared that the petition was filed
by Jacob Hunsicker the younger, the son of the decedent,
and his wife, Elvina. Jacob Hunsicker claimed that he
had paid out $100 for the funeral expenses of his mother
and $40 for a tombstone for her. Elvina Hunsicker
claimed that she had nursed her mother-in-law for many
years, and that she was entitled for such nursing to re-
cover the sum of $1,392. The court held that under the
terms of the testator's will quoted in the opinion of the
Superior Court these expenses were charged upon the

land devised to the testator's widow for life and entered a decree directing the sale.

*Error assigned* was the decree of the court.

*J. O. Ulrich*, for appellant.—The real estate of the decedent was not charged with anything; if he had devised it subject to the payment of money for a certain purpose, or to a certain person it would be charged: Fessenden's Est., 170 Pa. 631; Okeson's App., 59 Pa. 99'; Duvall's Est., 146 Pa. 176.

There must be a devise of land and it must clearly appear from the will that such devised land is to be charged with a legacy: Wright's App., 12 Pa. 256.

There must be a legatee and such legacy must be a charge on the land devised to become a lien: Hackdorn's App., 11 Pa. 88.

A testator directing that his just debts shall be paid, does not thereby create a greater lien than is created by statute and does not charge specifically any portion of his estate.    This is the general principle when the legacies are not specific: Cryder's App., 11 Pa. 72.

The will of this decedent does not devise the land sought to be charged; there is no devise nor legatee named, therefore a compliance with the simple request that nursing shall be paid by any person, becomes a mere claim against the estate and must be adjudicated according to law under the circumstances.

The law presumes that every legacy is intended to be a clear gratuity: Ziegler v. Eckert, 6 Pa. 13.

The claim of Elvina and Jacob Hunsicker cannot be construed as a legacy which is charged upon the real estate of the decedent and the petition should be dismissed.

*R. S. Bashore*, with him *Morris H. Moyer*, for appellees, cited: Gibson's App., 25 Pa. 191; Marcy's Est., 22 Pa. 140; Brotzman's App., 119 Pa. 645.

OPINION BY HEAD, J., October 11, 1915:

Jacob Hunsicker, the testator, died in July, 1882. His wife survived him until 1912, and then died at the advanced age of ninety-eight years. In his will the testator gave to his said wife, for and during the term of her life, a small piece of land of about thirty acres, together with some furniture in the house thereon and a portion of grain, etc. Later on, in the same will, he declared: "Further, the funeral expenses for me and my wife Polly must be paid from the whole estate; also two tombstones, not too dear, and for nursing and care, if we, I and my wife, may require such."

We are not at liberty to deny to this clause its reasonably apparent meaning because the testator did not clothe his intention in the language of a skilled lawyer. There can be no doubt of his intent that the funeral expenses of his wife, such a headstone to mark her resting place, should be provided out of the estate he was to leave; and if she lived so long or was so afflicted that she would be unable to care for herself and would require the nursing and care of others, that the expense she thus could necessarily incur was likewise to be borne by his estate.

When the widow finally died, at the advanced age mentioned, she had been helpless for a period of about seven years. During that time she had been nursed and cared for by those who now claim the benefit of the provision in the will of the testator we have just cited. They paid her funeral expenses amounting to about $100, and provided a headstone at the further expense of $40.00. At the time of the death of the widow, there remained nothing of the estate left by the testator save the little tract of land on which the widow had so long lived. Those who had carried out the provisions of his will filed their petition in the Orphans' Court under section 59 of the Act of February 24, 1834, P. L. 70. That section provides that when a legacy is charged upon or payable out of real estate, it shall be lawful for the

legatee to apply to the Orphans' Court, and that such court, after due notice to all parties in interest, may "make such decree or order touching the payment of the legacy, out of such real estate, as may be requisite and just."

We are of opinion that the land of the testator was charged by him with the payment of the moneys which have been awarded in the court below to the claimants. If the land were in fact charged, then it is clear enough the Orphans' Court had jurisdiction, and indeed exclusive jurisdiction to enforce that charge by a sale of the land if necessary. Such is the doctrine of Gibson's App., 25 Pa. 191; Marcy's Est., 22 Pa. 140, and Brotzman's App., 119 Pa. 645. In the case first cited, the testator, after devising certain lands to his sons, ordered and directed that his daughter Mary should "in case of need, be supported in a comfortable manner out of the proceeds of my land so long as she shall live." Later on she sought the aid of the Orphans' Court to enforce the provision of the will quoted. Mr. Justice BLACK, speaking for the Supreme Court, said: "We have no doubt that the land is charged with this burden—directly charged; and we are equally clear that the Orphans' Court not only has jurisdiction, but exclusive jurisdiction of the subject." In Marcy's Est., supra, Mr. Justice LEWIS said: "Where a legacy is charged upon real estate, whether it be a specific sum or such sum as shall be necessary for the support of the legatee, the Orphans' Court has jurisdiction, and may decree a sale under Sec. 59 of the Act of February 24, 1834." In Brotzman's App., supra, the testator had provided that as long as his daughter Catherine remained single and unmarried, she should have the free use, etc., of certain portions of the dwelling house and curtilage, and should be furnished with provisions, etc. She afterwards filed a bill in equity for the purpose of obtaining a decree to enforce the charge. The Supreme Court, in an opinion by Mr. Justice PAXSON, dismissed her bill on the ground

that equity had no jurisdiction for the reason that such jurisdiction had been exclusively given to the Orphans' Court by the Act of February 24, 1834. In opening the opinion, the learned justice says: "Under the will of Joseph Brotzman, the provisions in favor of his daughter, Catherine Brotzman, are charged upon his real estate. Similar charges have been so held: Gibson's App., 25 Pa. 191; Buchanan v. Duncan, 40 Pa. 82; Steele's App., 47 Pa. 437."

In the light of these authorities, it cannot be successfully denied that the provisions in the will of the present testator for the nursing and care of his wife and the expenses of her burial were made a charge upon his land. If that be true, then the jurisdiction of the Orphans' Court was complete. The determination of this question leaves but little else for consideration. The learned court below has found, on ample evidence, the facts necessary to support the decree that was made. An earlier and ill-advised sale of the real estate under another statute was rightfully set aside and furnished no obstacle in the way of the true proceeding. The same may be said of the action of partition instituted by one of the heirs but stayed, if not set aside, for want of proper parties. We may further remark that in this case the claimants are not seeking to recover, on a quantum meruit, from the estate of the widow to whom they furnished the services; but are endeavoring to enforce a charge upon the land of Jacob Hunsicker under the provisions of his will. It thus becomes apparent that the portion of the argument of the learned counsel for appellant—urging that because of the family relationship, the claimants could not recover from the estate of the decedent—is inapplicable.

The record contains nothing to invite or require further discussion. The assignments of error are overruled.

Order or decree affirmed.