## Short Estate

446

448

. . .".

*Thomas A. McNab* and *B. Royce Russell*, for exceptants.

*Fox, Rothschild, O'Brien & Frankel*, contra.

BOLGER, J., June 1, 1956.—The life tenant's petition alleges that the trustee refused to exercise the discretion given to it under the will to pay $10,242.07 to him out of the principal of the estate. In its answer the trustee stated that it refused the request because it was contrary to the purposes of the trust. The issue thus joined was referred to the auditing judge of the trustee's account. At the audit of the account the issue was heard and decided in favor of the petitioner in the adjudication and accordingly the requested amount was awarded therein to the life tenant. Exceptions to this award and to the granting of the petition were filed by the trustee and by the remaindermen.

Exceptants do not deny that the extra expense occasioned by the life tenant's illness was validly incurred or that the amount requested was reasonable. They claim that the trustee in refusing the life tenant's request did not abuse its discretion, because the life tenant had more than ample means of his own to pay these expenses.

The discretion vested in this trustee is a legal discretion. "It is true that a certain discretion was lodged in the trustee, but, as already noticed, this power must be legally exercised, and his unwarranted refusal to apply the funds for support will not prevent a recovery": Walters' Case, 278 Pa. 421, 425. Our problem now is to determine whether this trustee's refusal to grant the requested allowances constitutes an illegal exercise of that discretion. The answer depends, as it does in all other cases of will construction, upon the determination of the pivotal question of the testatrix's intention. Does the request for allowance come within the framework of the purpose of this gift as she expressed that purpose in her will? Is there any language in connection therewith which would fairly form the basis for the trustee's refusal of the request?

The extraneous fact that the benefiicary has other means, particularly his own, to bear the burden of his needs is irrelevant. We cannot, in other words, give the problem a pragmatic solution by determining what is the expedient thing to do rather than what the testatrix intended. There is only one person who can say what should now be done and that is the testatrix as she expressed it in her will. The exceptants' pragmatic approach is characteristic of the basic defect in the reasoning of those who have unsuccessfully attacked allowances out of principal in all of the relevant authorities cited by the learned auditing judge.

We are satisfied that the learned auditing judge construed the testatrix's will correctly for the reasons he

has so clearly stated and which are supported by the array of authorities which he cites. This testatrix not only positively authorizes, but requires that the fund which she set aside for the benefit of her husband and for that which remained after the death of her sister, Nora C. Kennedy, be expended for the "proper care, maintenance and support" of her husband and that if the income was insufficient for that purpose, to apply all such portions of the principal within the limits stated, as would be necessary even to the exhaustion of the share of principal allocated for that purpose.

There is nothing within the four corners of the will from which the trustee can derive any authority for taking into consideration the life tenant's independent means in determining what amounts of principal shall be distributed to him upon his request. The only question which the trustee had before it, therefore, in order that it might exercise its discretion was whether the requested funds were for the life tenant's "proper care, maintenance and support". Since the trustee and the other exceptants agree that they were so necessary, the trustee's discretion thus came to an end. It should have thereupon granted the request. Having failed to do so, it abused its legal discretion.

Seacrist Estate, 362 Pa. 190, relied upon by the exceptants, not only does not support their position, but sustains the conclusion of the learned auditing judge. There the requested allowances from principal were refused because the life tenant failed to comply with one of the express conditions of the will, viz., that his claimed disability or incapacity for work by illness or otherwise had to be substantiated by a certificate of a reputable physician to that effect filed with the trustee.

The exceptions are dismissed, the adjudications ordering the trustee to make the requested allowance are affirmed and the awards in the adjudications are confirmed absolutely.