## Stuckey Estate

*George W. McKee* and *Howard L. Bozarth*, for petitioner.

*Paul Clouser*, for respondent.

SWOPE, P. J., July 25, 1966.—This matter comes before the court on a petition for increase in payments to a life beneficiary under the terms of a testamentary trust established by the will of Norman E. Stuckey. Respondents, remaindermen under the trust, oppose the petition.

On September 1, 1962, Norman E. Stuckey died, leaving a holographic will in which he appointed Elizabethtown Trust Company as administrator (executor) and trustee. In the first instance, the will provides: "1. My Aunt, Anna Chrisemer, shall receive all she needs the rest of her life". This is followed by three dispositions not related to the dispute herein. The final disposition provides: "5. Balance divided between Kathryn Hynson and Helen Hatz". On July 18, 1963, this court directed the distribution of the sum of $50,000 to the Elizabethtown Trust Company as trustee.

Since that date, petitioner has received the total net income from the trust fund. The present petition asks that trustee be directed to pay to petitioner, consonant with her needs, a sum of $300 per month and such costs and reasonable attorney's fees as have been incurred in prosecuting this matter.

In view of the fact that the present yearly income of the trust fund will be insufficient to meet the requested payments, an invasion of the principal will be necessary. Therefore, the first question to be answered is whether or not petitioner, as life beneficiary, is entitled to consume the principal of the trust fund in order to meet her needs. This court feels she may. The will itself neither provides for nor forbids invasion of the principal. A thorough search of Pennsylvania law has re-

vealed but one decision on this important question. In Griffith's Estate, 147 Pa. 274 (1892), it was held that where a deed of trust does not provide, either expressly *or by necessary implication,* that the sums necessary for the support of the beneficiary should be paid exclusively out of income, such sums may be paid out of the principal. The will contains no express restriction regarding payment. Nor can we find any such restriction by necessary implication, particularly in light of the terms of the will and the surrounding circumstances as contained in the record.

In order to ascertain the actual intent of testator, the court must place itself in his armchair and consider not only the language and scheme of the instrument, but also the facts and circumstances with which he was surrounded: Woodward Estate, 407 Pa. 638 (1962). The wording of the instrument itself leads us to the conclusion that testator wished to make certain that his aunt would be well provided for in the event of his death. By directing that petitioner "receive all she needs the rest of her life", testator manifested, in broad language, his intent to secure to petitioner the financial means necessary for her livelihood. Such wording, if anything, tends to rebut any intention of testator to deny the use of principal if the needs of petitioner so required.

The surrounding circumstances reinforce the foregoing conclusion. Testator resided with petitioner for 40 years, during which time petitioner provided him with food, clothing and shelter. Petitioner aided testator in securing an education and provided financial aid in establishing the business which decedent owned at his death. For a period of 20 years prior to his death, decedent gave money to petitioner and aided in the payment of household bills. At decedent's death, petitioner was 89 years old, ill and with no savings or capital resources, other than Social Security income of $50 a

month. Petitioner is the first taker under decedent's will and a principal object of testator's bounty. She is his only heir. The conclusion is inescapable that testator intended that petitioner's needs be met out of both income and principal.

The next question which arises is whether petitioner's separate estate, in this case Social Security income of $50 per month, must first be applied to her needs before looking to the trust funds. This issue has been the subject of extended litigation. It was held in Demitz Estate, 417 Pa. 316, 320 (1965), that where a trustee has been given a discretionary power to invade principal; the general rule is that the existence of an independent estate by a wife is not sufficient justification for a trustee's refusal to pay principal for her maintenance and support. In Swinson Estate, 167 Pa. Superior Ct. 293 (1950), where as here, petitioner was an aunt of testator, the court stated: "In this respect the situation is analogous to cases where the beneficiary of a trust for support has a separate estate of her own. In such cases the beneficiary is entitled to a reasonable sum for her support although she has such separate estate". Restatement, Trusts 2d §128 (e) and (i) state that it is a question of interpretation whether or not the beneficiary is entitled to support, even though he has other resources. The inference is that he is so entitled. Decedent in this case knew that petitioner was retired, ill and without any savings or resources. We conclude that decedent intended that petitioner look solely to the trust fund to satisfy her needs, irrespective of her other resources, which in this case are very meager indeed.

Nor can we concur in respondent's attempt to confine petitioner's "needs" within the very narrow definition of necessaries. It is true that in Pennsylvania the courts have, by decisional law, evolved certain standards to govern the interpretation of such words in a will or

trust as "support", "maintenance" and the like. Those standards, however, should not be applied strictly in a case such as this. Here we are dealing with a homemade will drawn by a layman. Interpretation must be guided by the layman's individual "dictionary", and not by legal and technical definitions: Ziegler Estate, 356 Pa. 93. Under the facts of this case, and in view of the relationship which existed between testator and petitioner, a broad definition of "needs" would seem to have been testator's intent. Even if "needs" be equated with necessaries, we would not limit petitioner's request to the bare necessities of life. Necessities do "not include merely the bare necessities of life and exclude all other articles or services that might reasonably promote the comfort of the wife . . .": Reichman v. Hervitz, 66 Dauph. 399, 401 (1954). The test in this case is whether the needs advanced by petitioner are reasonable.

This court is highly impressed with the apparent modesty with which petitioner has assessed her needs. We are convinced that her needs are both reasonable and genuine and that she is entitled to the monthly sum she has requested. Were her requests motivated by a desire to benefit her estate at the expense of the remaindermen or to satisfy unreasonable desires, this court would deny the petition. Such is certainly not the case here. The request is conservative and reasonable in light of the age, state of health and requirements of petitioner.

The final question concerns petitioner's requests that costs and reasonable attorney's fees be paid out of the trust fund. The general rule is that "in only rare circumstances will a counsel fee be allowed from the corpus of a trust to counsel for a life tenant in representing and enforcing his claim to benefits from the trust": Bright Estate, 74 Montg. 431, 437. The rule is designed to prevent abuse of a trust fund by those claiming benefits. It is a rule grounded on sound reasoning and

policy. This court would be loath to set a precedent contrary to this general rule. We feel, however, that under the unusual circumstances in this case, such costs and fees fall properly within the reasonable needs of petitioner. While the orphans' court is not a court of equity, it does apply the rules and principles of equity. An equitable result requires that petitioner's request for costs and attorney's fees be granted.

We conclude that the prayer of the instant petition of Anna Chrisimer should be approved and, therefore, make the following

### ORDER

And now, to wit, July 25, 1966, we direct Elizabethtown Trust Company, trustee under the will of Norman E. Stuckey, to pay to petitioner from the income and corpus of said trust the sum of $300 per month, such payments to continue until further order of this court. We further direct that the costs, including reasonable attorney's fees, of petitioner in this matter be borne by the estate.