## Dziak Estate

*Gene E. McDonald, Lightcap, McDonald and Moore,* for exceptant.

*Regis F. Mahady* and *Thomas R. Mahady, Mahady and Mahady,* contra.

COPELAND, P. J., July 10, 1969.—Decedent, Sophia B. Dziak, died testate, on March 13, 1956.

By her will she bequeathed three sums of $200 each for masses, and her automobile to her son, Charles Paul Dziak, Jr. and all her United States Steel Stock to her daughter, Mary Louise Dziak. The automobile was appraised at $600 and the steel stock at $10,316.26.

She then devised her house and contents at 225 Irving Avenue, Latrobe, Pa., to her daughter, Mary Louise Dziak and her house on James Street, Latrobe, Pennsylvania, to her son, Charles Paul Dziak, Jr. The property at 225 Irving Avenue and contents were appraised at $10,235, and that at James Street at $8,000.

Decedent left jointly held assets with Charles in the amount of $8,494.50 and with Mary Louise in the amount of $7,570.25.

By her will and codicil, the testatrix named Lucy Ann Andros, as executrix, trustee and guardian of Mary Louise Dziak.

The pertinent part of the decedent's will is as follows:

"TENTH: I hereby direct my executors in their discretion and judgment to keep and preserve the rest and remainder of my estate and assets thereof in kind or convert same by sale into cash and said residue and remainder of my estate shall be held and kept by my executors hereinafter named as testamentary trustees for the following uses and purposes:

"a. As much of same as may be necessary, I Direct that they use and expend for the education of my daughter, Mary Louise Dziak, and for her support and maintenance until she attains the age of twenty-one (21) years of age or is finished with her education; and as much of same as may be necessary, I direct that they use and expend for the support or financial aid of my son, Charles Paul Dziak, Jr.

"b. Said executors as Testamentary Trustees shall manage, keep, control, invest, and reinvest said remainder or residue of my estate or assets thereof and use same or any part thereof for fulfillment of the purpose set forth in Paragraph Tenth, sub-section a. hereof, and whenever my daughter, Mary Louise Dziak, shall attain the age of twenty-one (21) years or finish her education course, whichever is the later, then all the residue and remainder of my estate shall be divided and distributed to my two children, Mary Louise Dziak and Charles Paul Dziak, Jr., by my executors as Testamentary Trustees in equal shares, share and share alike.

"c. During the existence of the aforesaid Testamentary Trust for the uses and purposes as set forth herein, the shares of my two said children shall be inviolate and free and above and beyond the reach of creditors of either of them and shall not be attachable for their debts or the debts of either of them. And said Testamentary Trust shall be in the nature of a spendthrift trust."

It is evident from the will that the chief interest of testatrix was to further the education of Mary Louise and when she became 21 years of age or finished her education that the remaining part of the trust fund should be distributed equally to Mary Louise Dziak and Charles Paul Dziak, Jr.

The gist of exceptant's position is that the living and educational expenses of Mary Louise should be paid, at least in part, from Mary Louise's individual and separate estate. This position, if such is the claim of the exceptant, is not the law in Pennsylvania.

In Demitz Estate, 417 Pa. 316, at page 320, the court said:

"Where a trustee has been given a discretionary power to invade principal, the general rule is that the

existence of an independent estate by a wife is not sufficient justification for a trustee's refusal to pay principal for her maintenance and support." To the same effect are Crane Estate, 174 Pa. 613; Stuckey's Estate, 40 D. & C. 2d 436, 16 Fiduc. Rep. 500; Short Estate, 6 D. & C. 2d 444, 6 Fiduc. Rep. 538.

As trustee, Lucy Ann Andros received the residuary estate of approximately $55,000, less costs, debts, expenses, commissions and taxes.

The executrix opened a bank account in her name as executrix. She took charge of the two specifically devised properties and paid for the upkeep on them out of rent received by her. She also deposited in this account the dividends on the specifically bequeathed United States Steel stock.

The executrix and trustee filed her account of the administration of the estate and of the trust on August 20, 1965. To this account one of the heirs, Charles Paul Dziak, Jr., has filed 249 exceptions.

Because the will provides in item "eleventh" that the trustees need not account to the Orphans' Court or anyone else with respect to the funds coming into their hands, counsel for the accountant contends the court has no jurisdiction.

However, it is well established that the court does have authority to oversee the reasonableness of the exercise of the trustee's discretion: Forrish v. Kennedy, 377 Pa. 370.

The Federal estate tax amounted to $3,595.95. Responsible for this tax were the specifically devised property and the joint assets held by decedent and the two heirs. On this basis the tax on Mary Louise's share would be $2,236.66 and Charles' share would be $1,359.29. Since the Federal estate tax was paid from the estate, Charles is entitled to have refunded to him the difference of $877.37.

The Pennsylvania inheritance tax was apparently paid by each heir individually.

By reason of a temporary shortage of cash in the account, the trustee borrowed from Mary Louise's separate estate $7,946, to provide for Mary Louise's expenses and education. This amount was properly refunded to Mary Louise's individual estate: Short's Estate, supra. However, since this was done to preserve the assets in the trust fund and was used for Mary Louise's interest, she was not entitled to receive interest on this money. The interest of $800.93 was not properly paid and therefore the trust fund should be reimbursed for this amount.

The trustee also paid premiums on life insurance policies to the Prudential Life Insurance Company, the Northwestern Mutual Insurance Company and the First Catholic Slovak Union in the amount of $924.16. These policies were the property of Mary Louise. The payment of these premiums does not come under the head of education, support or maintenance. Support included only food, clothing and shelter: Bright Estate, 16 D. & C. 2d 620. The trust should also be refunded with this amount.

The payments to Blue Cross from the trust were proper for the reason that medical expense is included in maintenance and support and the trustee could protect the trust fund for any liability arising for this reason.

When decedent died, Mary Louise was 12 years of age and going to school. She attended St. Xavier's Academy, Mt. Mercy College and Robert Morris School. When she finished schooling and was employed, in 1963, payments from the trust fund were stopped.

On the other hand, Charles Paul Dziak, Jr., was about 21 years old, married and employed at dece-

dent's death. He at no time requested any payments from the trust fund for his support or financial aid for himself. He was quite aware of how the trust fund was being administered as he personally received $4,826.86 for payment of Mary Louise's board and room, utilities and miscellaneous items of clothing, etc.

It is quite evident that when testatrix indicated by her will that the trustee should spend from the trust fund what was necessary for the education, maintenance and support of Mary Louise and what was necessary for the support and financial aid of Charles Paul, she distinguished between the two heirs, particularly since Mary Louise was only 12 years of age and Charles Paul was married and self supporting.

There were no requirements that any funds should have been invested in this matter as there was never much cash to invest. In fact, it was necessary to borrow funds from another estate to make the necessary payments. The account does show interest received on a savings account in the amount of $913.55.

The account, as filed, represents the administration of Lucy Ann Andros as executrix, trustee and guardian of Mary Louise. She has charged in the account $4,916.78 as her fees in estates totaling $125,759.78. This is not sufficient and she should be allowed an additional $2,000.

By agreement between the accountant and counsel, counsel charged about 20 percent of the recovery in the condemnation proceeding for three tracts of land. The court can not say that his fee of $7,700 was excessive, since $23,933.34 over the inventory value was obtained. The balance of counsel's charges for handling the estate amount to $4,716.32 which is not excessive. The rule in Gardner's Estate, 232 Pa. 229 is not applicable to a lengthy trust: Lovering Estate, 27 D. & C. 2d 501.

As it is practically impossible to take up 249 exceptions separately, the court sustains the exceptions only as indicated above and dismisses the balance of them.

## DECREE

And now, to wit, July 10, 1969, the exceptions filed to the account are dismissed except that the balance due Mary Louise Dziak should be charged with the following:

| | |
|---|---|
| Federal Estate Tax | $877.37 |
| Interest paid on loan | 800.93 |
| Insurance Payments | 924.16 |

and the accountant will be allowed an additional fee of $2,000.